JACOB HANSELMAN V. ANDREW J. DOVEL.

WRIT OF ERROR—TO REVIEW JUDGMENT
FOR COSTS ON OVERRULING PLEA IN BAR
—DISMISSAL OF WRIT.

Motion to dismiss writ of error because no final judgment had been entered in the case, the judgment sought to be reviewed having been rendered on overruling defendant's plea of a former adjudication of the same controversy, and directing that the case stand for trial on the merits. Granted.

*George L. Hilliker*, for motion.

*Dovel & Smith* and *Smurthwaite & Fowler*, contra.

The facts as shown by the record in the case were:

*a*—That the plaintiff brought suit against the defendant to recover damages for the alienation from him by the defendant of his wife's affections; that the defendant filed, with his plea of the general issue, without waiving the same, a plea of a former adjudication in his favor for the same wrongs and injuries and cause of action set forth in plaintiff's declaration; that no further pleadings were filed in the case.

*b*—That the plea came on for trial before the court without a jury, and was overruled, and judgment entered in

favor of the plaintiff for costs, it being further ordered that the case stand for trial on the merits.

c—That the circuit court, in an opinion filed on rendering said judgment, used the following language:

"That it is true that the damages recoverable in the two cases are substantially identical, and the causes of action are alleged to have occurred at the same time; yet they are based upon two independent and distinct acts of wrong doing; that in the first suit the wrongful act complained of was the debauching of the plaintiff's wife; that in the second suit the wrong complained of is the poisoning of the wife's mind against the plaintiff, and inducing her to separate from him; that in both, the damages sought to be recovered are the loss of the wife's society, love, service and comfort, with perhaps damages for the humiliation and disgrace; that identity of damages alone does not constitute identity of cause of action if our definition of a cause of action in tort, namely, an unlawful act, and all the damages which can arise out of it, be correct, for this identity would require identity of the wrongful acts which enter into and compose a vital part of the causes of action."

d—That defendant, after settling a bill of exceptions in which was set forth the proceedings had on said trial, including the introduction in evidence of the pleadings and judgment in the case of *Hanselman v. Dovel*, tried in the same court, as also proof of the removal of said judgment by writ of error to the Supreme Court, and the filing in the court below of a *remittitur* showing the affirmance of said judgment, said case being reported in 102 Mich. 505, sued out a writ of error to review said latter judgment, upon the return of which writ this motion was made.